IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUZANNE SBARBARO, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,<br>　　Plaintiffs,<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC., GULF COAST HOTEL MANAGEMENT, INC., and TRACY JONES,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Suzanne Sbarbaro ("Sbarbaro"), brings this Collective Action on behalf of herself and other similarly situated employees to recover unpaid wages and unpaid overtime wages from Defendants Choice Hotels International, Inc. ("Choice"), Gulf Coast Hotel Management, Inc. ("GCHM"), and Tracy Jones ("Jones", hereinafter collectively with Choice and GCHM referred to as "Employers").

## I.
## NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206, 207, 211(c).

2. The Employers violated the FLSA when they failed to pay these nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty

hours per week. Accordingly, Plaintiff brings this collective action under § 216(b) of the FLSA on behalf of herself and other similarly situated employees to recover unpaid wages and overtime compensation.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b).

4. Plaintiff's claims arise under the FLSA. 29 U.S.C. § 207(a)(l) and 216(b). In connection with the acts and course of conduct alleged in this collective action complaint. Employers are an "employer" covered by the FLSA.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(c). All defendants are residents of this district, and a substantial part of the acts and conduct charged herein occurred in this district.

6. Woodspring Suites ("Woodspring") is located at 121 Baker Rd., Houston, TX 77094, in the Southern District of Texas. Choice owns Woodspring, GCHM manages Woodspring, Jones is employed as General Manager at Woodspring, and Woodspring employed Sbarbaro as a Guest Service Representative.

## III.
## THE PARTIES

7. Sbarbaro is a resident of Houston, Texas. She was an employee of Employers within the meaning of the FLSA within the relevant time-period. Sbarbaro's consent to this action is attached as Exhibit 1.

8. The class of similarly situated employees consists of all current and former guest service representatives employed by Employers who were not paid at one and one-half times their

regular rates of pay for hours worked in excess of forty and/or were not paid for all hours worked. These similarly situated persons are referred to as "Members of the Class" or "the Class."

9. Defendant Gulf Coast Hotel Management, Inc. is a Kansas Corporation having its place of business in Topeka, Kansas, and may be served by and through its Registered Agent, Bruce L. Christenson, at 3120 Rogerdale Road, Suite 150, Houston, TX 77042.

10. Defendant Choice Hotels International, Inc. is a Maryland Corporation having its place of business in Silver Springs, Maryland, and may be served by and through its Registered Agent, United States Corporation Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

11. Tracy Jones is an individual residing in Harris County, Texas, and may be served at her regular place of business at 121 Baker Rd., Houston, TX 77094.

12. Tracy Jones directed the day-to-day activities of Plaintiff and the Class and claimed to be executing the policies set forth by GCHM. Thus, the Employers are "employers" under the FLSA and joint employers. *See* 29 C.F.R. § 791.2(a); *see also Falk v. Brennan,* 414 U.S. 190, 195 (1973); *Greenberg v. Arsenal Bldg. Corp.,* 144 F.2d 292, 294 (2d Cir. 1994), *rev'd in part sub nom*. *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697 (1945); *Dolan v. Day & Zimmerman*, 65 F.Supp 923, 929, 938 (D. Mass. 1946). Moreover, Plaintiff received paychecks from GCHM.

### IV.
### PLAINTIFF SBARBARO'S INDIVIDUAL ALLEGATIONS

**A. Employers Failed to Pay for Time and One Half for All Overtime Hours**

13. Plaintiff was a full-time, nonexempt employee of Employers. Plaintiff performed basic sales, guest care, and laundry duties for Employers. At all times in her employment, Sbarbaro was paid an hourly rate for all work performed.

14. As a nonexempt employee, Plaintiff was entitled to be paid at one and one-half her "regular rate" for all hours worked over forty in a given work week. 29 U.S.C. § 207(a).

15. Employers failed to pay Plaintiff for all hours worked in excess of forty hours at one and one-half times her regular rate. Employers regularly directed Plaintiff's work and Plaintiff does not fall within any exemption under the FLSA.

16. Plaintiff's workweek was six days long. Her typical workday began with a six to eight hour shift, often running into overtime. This workday was followed by another period of no less than six hours, and usually eight or more, when Plaintiff was required to be on call but off the clock. While on call, Plaintiff was required to be ready to take care of any customer issues. These issues could be as minor as a customer complaint or as major as a 911 call. Plaintiff was allowed to clock in while handling these issues. Plaintiff was required to handle these issues within 30 minutes of the request which severely limited any activity Plaintiff could engage in. Sbarbaro worked this schedule for around two and one-half years.

17. Employers did not pay Plaintiff for the period on which she was required to be on site and on call, but not actively assisting guests. All of the time on site and on call would have been overtime pay. By not paying this overtime, Employers are clearly in violation of the FLSA.

**B. Employers' Illegal Actions Were and Are Willful Violations of the FLSA**

18. The illegal pattern or practice on the part of Employers with respect to overtime compensation was, and is, in violation of the FLSA. No exemption excuses Employers from paying these employees at their overtime rates or for all hours worked. Nor have Employers made a good faith effort to comply with the FLSA. Rather, Employers knowingly, willfully, and/or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation to Sbarbaro. Further, as set forth below, other prior and current employees were subjected to the same wrongful practices and procedures.

## V.
## COLLECTIVE ACTION ALLEGATIONS

19. Other hourly employees have been victimized by Employers' patterns, practices, and policies which are in violation of the FLSA. These hourly employees are similarly situated to Plaintiff because they performed similar, nonexempt job duties and were denied pay and overtime compensation during the relevant time-period. Further, many of these employees have worked with Plaintiff and reported they were paid straight time for hours worked in excess of forty as well. Thus, from the discussions with these employees, Plaintiff is aware that the illegal practices of policies of Employers have been imposed on other nonexempt employees.

20. Accordingly, Employers' patterns or practices of failing to pay overtime at overtime rates as required by the FLSA are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class. Thus, Plaintiff's experiences are typical of the experience of the Members of the Class and collective action treatment is therefore proper. *See* Affidavit of Sbarbaro, Exhibit 2.

21. "[A] district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.'" *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021). Because this case is about unpaid overtime, the factual and legal considerations should be restricted to whether the potential plaintiff was an employee of the Employers in the relevant timeframe and whether the potential plaintiff was properly paid overtime pay. All employees, regardless of their rate of pay, who were paid straight time or not paid at all for hours worked in excess of forty for any reason are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class should therefore be defined as:

> All current and former Guest Service Representatives and Housekeepers who were treated as employees by Employers during the time-period of August 20, 2018 to the present and who were paid straight time or not paid at all for hours worked in excess of forty for any reason.

22. Further, Plaintiff has retained counsel well-versed in FLSA collective action litigation and are prepared to litigate this matter vigorously on behalf of Plaintiff and the Members of the Class.

## VI.
## CAUSE OF ACTION: FAILURE TO PAY WAGES

23. Plaintiff incorporates herein by reference all allegations contained in paragraphs 1 through 21.

24. Employers' practice of failing to pay all pay and overtime compensation at one and one half the employees' regular rates for all work in excess of forty (40) hours to nonexempt employees was and is in violation of the FLSA. 29 U.S.C. § 207(a). In addition, Employers violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiff her full compensation, including bonuses and tips. Accordingly, Plaintiff is entitled to payment for all overtime hours worked in an amount that is one and one-half times their regular rate of pay, and bonuses and tips earned and owed.

## VII.
## CAUSE OF ACTION: TEXAS PAYDAY ACT VIOLATIONS

25. Plaintiff incorporates herein by reference all allegations contained in paragraphs 1 through 24.

26. Employers are obligated under the Act to pay Plaintiff and all those similarly situated as their employer. TEX. LAB. CODE § 61, et seq. By failing to pay Plaintiff and all those

similarly situated all wages, including bonuses and tips earned and owed, Employers are in violation of the Act.

## VIII.
## JURY REQUEST

27.     Plaintiff requests a jury trial and tender the appropriate jury fee in conjunction with the filing of this petition.

## PRAYER

WHEREFORE, Plaintiff and all similarly situated hourly employees who join this action respectfully request this Court:

a.  Authorize the issuance of notice at the earliest possible time to all Employers' employees who were employed during the three years immediately preceding the filing of this lawsuit informing them of their rights to participate in this lawsuit if they should so desire;

b.  Declare Employers have violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

c.  Declare Employers' violations of the FLSA to be willful;

d.  Award Plaintiff and all those similarly situated damages for the amount of unpaid overtime compensation and bonuses subject to proof at trial;

e.  Award Plaintiff and all those similarly situated an equal amount as liquidated damages as allowed under the FLSA;

f.  Award Plaintiff and all those similarly situated for the amount of unpaid wages pursuant to the Texas Payday Act;

g.  Award Plaintiff and all those similarly situated reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and the Texas Labor Code; and

h.  Award such other and further relief as may be required by law.

Respectfully submitted,

/s/ *Howard L. Steele, Jr*
Howard L. Steele, Jr.
Attorney-in-Charge
State Bar No. 24002999
Federal Bar No. 21615
Steele Law Group, PLLC
600 Travis, Suite 7373
Houston, Texas 77002
Telephone: (713) 659-2600
Facsimile: (713) 659-2601
hsteele@steele-law-group.com

**OF COUNSEL:**

Hayden Prosise
State Bar No. 24111181
Federal Bar No. 3689824
hprosise@steele-law-group.com

ATTORNEYS FOR PLAINTIFF