United States District Court
Southern District of Texas
**ENTERED**
April 11, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUZANNE SBARBARO, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, | § § § § § | |
| *Plaintiff,* | § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-2766 |
| CHOICE HOTELS INTERNATIONAL, INC., GULF COAST HOTEL MANAGEMENT, INC., and TRACY JONES | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Pending before the Court is Defendants Gulf Coast Hotel Management, Inc. ("GCHM") and Tracy Jones's ("Jones") (collectively "Defendants") Motion for Summary Judgment. (Doc. No. 38). Plaintiff Suzanne Sbarbaro ("Sbarbaro" or "Plaintiff") is proceeding *pro se* and did not file a response to the motion. For the foregoing reasons, the Court hereby GRANTS Defendants' motion. (Doc. No. 38).

**I.      Background**

This is an employment dispute between Plaintiff and her former employer, GCHM. GCHM provides hotel staff to hotels. Plaintiff worked for GCHM as an Overnight Guest Services Representative ("GSR") at the Woodspring Suites extended stay hotel in Katy, Texas. Defendant Jones was the general manager at GCHM at the time. Plaintiff was a fulltime, non-exempt employee and was paid hourly. Plaintiff typically worked an eight-to-nine-hour evening shift followed by an on-call period of about eight hours. During this on-call period, Plaintiff was to

arrive at work and clock in within thirty minutes of receiving a call on the cellphone issued to her by Defendants.[1] Plaintiff lived on-site at the hotel, though she was not required to (on-site residency was intended to be a fringe benefit of employment). According to Defendants, Plaintiff was discharged in January of 2021 because she gave a hotel master key to a guest against GCHM policy.

Plaintiff filed this lawsuit in August of 2021 with the assistance of counsel. Her counsel unexpectedly passed away several months after the initiation of this lawsuit. Plaintiff has been unable to retain new counsel and is proceeding *pro se*. Per her complaint, she alleges violations of the Fair Labor Standards Act ("FLSA") as well as the Texas Labor Code for failure to pay her overtime wages for the time she was required to spend on-call but not actively assisting guests. (Doc. No. 1 at 4).

## II.   Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

[1] Defendants contend that they do not discipline Overnight GSRs for the timeliness of their response to overnight calls. (Doc. No. 38 at 9).

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted 21 days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). A non-movant's failure to respond to a motion for summary judgment does not entitle the movant to summary judgment. *Retzlaff v. de la Vina*, 606 F.Supp.2d 654, 656 (S.D. Tex. 2009) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Instead, a court may accept the movant's evidence as undisputed and may enter a judgment in the movant's favor if summary judgment evidence establishes a *prima facie* showing of the movant's entitlement to judgment. *Id.* Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendant's Motion for Summary Judgment would be improper. Accordingly, the Court will consider

Defendants' evidence to be undisputed and address the merits of Defendant's arguments from its motion.

Finally, *pro se* plaintiffs are traditionally held to a more lenient standard than lawyers. Even so, to defeat a motion for summary judgment, a *pro se* plaintiff must still show that an issue of material fact exists. *Walker v. Collier*, No. 6:17-cv-166, 2019 U.S. Dist. LEXIS 53431, at *5 (E.D. Tex. 2019), citing *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## III. Analysis

The issue before the Court is whether, under the FLSA, an employee who is on-call and living on-site (though she is not required to) is "working" and therefore entitled to compensation for that time. Defendants argue that the answer to this question is no. The Court agrees.

Under the FLSA, an employer must pay an employee at a rate of one and one-half times the normal rate of pay for all time worked beyond 40 hours in a work week. 29 U.S.C. § 207(a)(1). An employee's time is "work" under the FLSA if it is spent "predominantly for the benefit of the employer." *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944). In deciding if an employee was "working" under the FLSA, courts use a "practical approach based on the realities of each case." *Id.* at 133.

Whether time spent on-call is considered "working" is governed, in part, by 29 C.F.R. § 785.17. This section reads:

> An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call". An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call.

29 C.F.R. § 785.17. Thus, an on-call employee who is *not* required to remain on the employer's premises, but is only required to notify the employer where he may be reached, is not working

4

while on call. According to Department of Labor guidance, this time is not compensable so long as the employee is free to engage in personal activities when he or she is on call. United States Dep't of Labor, Wage & Hour Div., Opinion Letters – Fair Labor Standards Act, No. FLSA2008-14NA, 2008 DOLWH LEXIS 38 (Dec. 18, 2008).

The Fifth Circuit has also given guidance on this issue. Under Fifth Circuit precedent, time spent while on call is not compensable unless the activities of the employee are so restricted as to prevent the employee from using the time effectively for personal pursuits. *Halferty v. Pulse Drug Co., Inc.*, 864 F.2d 1185, 1189 (5th Cir. 1989); *Brock v. El Paso Natural Gas Co.*, 826 F.2d 369, 373–74 (5th Cir. 1987). Significantly, "this does not imply that the employee must have substantially the same flexibility or freedom as he would if not on call, else all or almost all on-call time would be working time . . . ." *Bright v. Hous. Nw. Med. Ctr., Inc.*, 934 F.2d 671, 675 (5th Cir. 1991). Generally, employees with the freedom to sleep, eat, watch television, entertain guests, or leave their home are not entitled to on-call compensation. *See, e.g., Halferty*, 864 F.2d at 1190 (internal citations omitted); *Mem'l Hospice, Inc. v. Norris*, No. 2:08-CV-48-B-A, 2009 U.S. Dist. LEXIS 13899, at *10-11 (N.D. Miss. Feb. 24, 2009).

Several factors are relevant to determine if an employee's on-call time constitutes "work" under the FLSA: (1) whether the employee is restricted to some fixed place designated by his employer; or may move between various locations such as his own home, friends' homes, churches, restaurants, or gyms; (2) what activities the employee may engage in, such as eating, sleeping, drinking alcohol, exercising, watching television, doing laundry, or playing cards or other games; (3) the response time or maximum distance radius from the place of business imposed on the employee; (4) whether employees can make arrangements to trade on-call shifts among themselves or request their employer to reassign an on-call shift to another employee; and (5) the

frequency with which employees must respond to a call. *Sims v. Hous. Auth. of the City of El Paso*, No. EP-10-CV-109-KC, 2011 U.S. Dist. LEXIS 98809, at *9 (W.D. Tex. Sept. 1, 2011) (citing *Bright*, 934 F.2d at 677-78)

For example, in *Bright*, a repair technician was on call for a hospital 24 hours per day, every day. 934 F.2d at 677. The technician was required to refrain from alcohol consumption, wear a pager at all times, and report to the workplace within twenty minutes of receiving a call, and he received an average of four to five calls per week. *Id.* The Fifth Circuit held that the on-call time was not compensable because the technician was free to do as he pleased at all times except when he received a call, and the frequency of the calls did not prevent him from using the on-call time for personal purposes. *Id.*

Here, Defendants have presented evidence that Plaintiff has significant time for personal activities while on-call. First, there is evidence that Plaintiff was not required to reside on-site. For example, in Defendant Jones' sworn declaration, Jones states that "Plaintiff was not required to stay at the hotel. During my time working for GCHM I was aware of a handful of Overnight GSRs that chose to not live on-site. In my experience, Overnight GSRs saw the on-site residency option as a perk to their employment." (Doc. No. 38-7 at 2). Additionally, an Overnight GSR, Ariel Willis, swore in her declaration that no one has ever required her to live on-site, that she chooses to live on-site, and that she considers not having to pay rent an important perk of the Overnight GSR job. (Doc. No. 38-8 at 3). Defendants' evidence is undisputed; therefore, the Court finds that Plaintiff was not required to live on-site during her employment.

In addition to providing evidence that Plaintiff was not required to live on-site, Defendants have provided evidence that Plaintiff was not required to physically be on-site during her on-call

hours and that she was permitted to engage in personal pursuits. First, Defendants provided

Plaintiff's signed Associate Occupancy Agreement, in which she agreed to the following:

> Associate understands that when not actively working (i.e. "on the clock"),
> Associate is free from all duties and restrictions and, **may use such off-duty time**
> **for any purpose Associate chooses, including purely personal activities** (as long
> as such activities do not violate other Gulf Coast or Hotel Guest Rules and Policies).
> When Associate is off duty, **Associate is free to leave the premises** if Associate
> chooses to do so. Associate understands and agrees that not all time spent on the
> premises is working time, and only time spent working will count as working time.

(Doc. No. 38-9 at 3) (emphasis added). Thus, Plaintiff acknowledged that during time she spent

off-the-clock, including on-call time, she was permitted to engage in personal activities and leave

the premises. Further supporting this point is Willis' sworn statement, in which she states "During

the on-call period, I have freedom to engage in personal pursuits. For example, I can sleep, eat,

watch TV, spend time with friends and family, go shopping, and the like without restriction. The

only thing I am barred from doing is drinking alcohol during my on-call period." Therefore,

Defendants have provided uncontroverted evidence that Overnight GSRs were free to leave the

premises and engage in personal matters while on-call. The restrictions imposed on Overnight

GSRs included, mainly, refraining form drinking alcoholic beverages while on-call and remaining

able to respond to a call within thirty-minutes.[2]

     Upon examining the summary judgment evidence and reviewing the applicable law, the

Court finds that Plaintiff was not "working" within the meaning of the FLSA while she was on-

call. Considering Plaintiff's various obligations and freedoms while on-call, the Court finds this

case to be similar to *Bright*. 934 F.2d, 677 (Plaintiff's on-call time was not "work" because he

"was free to be at his home or at any place or places he chose, without advising his employer,

subject only to the restrictions that he be reachable by beeper, not be intoxicated, and be able to

---

[2] Willis also stated that if she could not be on-call on a given night, she was able to get her supervisor or Assistant General Manager to fill in for her. (*Id.*).

arrive at the hospital in "approximately" twenty minutes). In line with Fifth Circuit precedent, the undisputed facts show that Plaintiff was able to use the on-call time effectively for her own purpose. *See Halferty*, 864 F.2d at 1189.

Plaintiff's complaint does not provide any allegations (and certainly no evidence) that would refute this conclusion. She does not allege any facts regarding the frequency or length of calls she responded to while on-call, and she does not allege that she was unable to engage in personal pursuits while on-call. Therefore, there is no material fact dispute regarding the conditions of her on-call time. Accordingly, summary judgment is appropriate. *See Bright*, 934 F.2d at 675 (holding that where relevant basic facts of what activities an employee may engage in while on call are undisputed, the question of whether an employee was able to use the time for his own purposes may be resolved by courts as a matter of law on summary judgment). Assessing these conditions of her on-call time, the Court concludes that this time was not compensable "work" under the FLSA. Finding no violation of the FLSA, the Court finds no willful violation as a matter of law. Accordingly, Defendants' motion is hereby GRANTED. (Doc. No. 38).[3]

## IV. Conclusion

For the reasons above, the Court finds that Plaintiff's time spent on-call was not compensable "work" under the FLSA and Fifth Circuit precedent. Consequently, the Court GRANTS Defendants' motion for summary judgment in its entirety. (Doc. No. 38).

SIGNED at this _11_ day of April, 2024.

Andrew S. Hanen
United States District Judge

---

[3] In Plaintiff's complaint, Plaintiff asserts two causes of action—one under the FLSA and one under the Texas Payday Act. Tex. Labor Code § 61. Defendants failed to move for summary judgment on the Texas Payday Act cause of action. Therefore, this claim remains.

8