Case 4:21-cv-02766   Document 51   Filed on 09/25/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUZANNE SBARBARO, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, <br><br> *Plaintiff,* <br> VS. <br><br> CHOICE HOTELS INTERNATIONAL, INC., GULF COAST HOTEL MANAGEMENT, INC., and TRACY JONES <br><br> *Defendants.* | § § § § § § § § § § § § § § CIVIL ACTION NO. 4:21-cv-2766 |

## ORDER

Pending before this Court is Gulf Coast Hotel Management, Inc. ("GCHM") and Tracy Jones' ("Jones") (collectively, "Defendants") Second Motion for Summary Judgment. (Doc. No. 47). Defendants supplemented their motion. (Doc. No. 48-1). Suzanne Sbarbaro ("Plaintiff") is proceeding *pro se* and did not file a response to the motion or the supplement. Instead, she filed an objection, generally "objecting to all counts, documents, statements that has [sic] been filed in regards to [her] case" by the opposing counsel. (Doc. No. 49). Having considered the motion, Plaintiff's objections, and the relevant pleadings, the Court **GRANTS** Defendants' Motion. (Doc. No. 47).

### I. Background

This is an employment dispute between Plaintiff and her former employer, GCHM. GCHM provides hotel staff to hotels. Plaintiff worked for GCHM as an Overnight Guest Services Representative at the Woodspring Suites extended-stay hotel in Katy, Texas. Jones was the general manager at GCHM at the time. Plaintiff was a full-time, non-exempt employee and was paid hourly. Plaintiff typically worked an eight-to-nine-hour evening shift followed by an on-call period

of about eight hours. During this on-call period, Plaintiff was to arrive at work and clock in within thirty minutes of receiving a call on her employer-provided cellphone. Though not required to, Plaintiff lived on-site at the hotel. According to Defendants, Plaintiff was discharged in January 2021 because she gave a hotel master key to a guest against GCHM policy.

Plaintiff filed this lawsuit in August 2021 with the assistance of counsel. Her counsel unexpectedly passed away several months after the initiation of the suit. The Court allowed her time to retain new counsel, but for whatever reason, Plaintiff has been unwilling or unable to do so and has proceeded *pro se*. After the deadline to respond to Defendants' Second Motion for Summary Judgment, however, Plaintiff wrote to the Court in the aforementioned objection that she "ha[s] found a lawyer to assist [her] in this process." (Doc. No. 49). Notably, almost four months have passed since that objection, and the Court has yet to receive any submissions by Plaintiff's new counsel nor has he or she made an appearance in the case.

In her complaint, Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages for the time she was required to spend on-call but not actively assisting guests. She also alleges that Defendants "fail[ed] to pay Plaintiff . . . all wages, including bonuses and tips earned and owed" in violation of the Texas Payday Act. (Doc. No. 1 at 6–7).

This Court held in its order granting summary judgment that Defendants did not violate the FLSA because the time spent on-call but not actively assisting guests was not compensable work. (Doc. No. 42). In that order, however, the Court expressly preserved the state-law cause of action because Defendants had not moved for summary judgment on it. (*Id.* at 8 n.3). This Second Motion moves on the remaining Texas Payday Act cause of action, so the Court will consider the issue.

## II. Legal Standards

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Plaintiff failed to respond to Defendant's motion by the deadline. Therefore, the local rules would allow the Court to grant Defendants' motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980). In other words, where a party does not respond to a motion for summary judgment, such failure does not permit the Court to enter a "default" summary judgment. Therefore, the Court will consider the merits of the motion.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III.   Analysis

Plaintiff alleges that she was not paid the entirety of her wages in violation of the Texas Payday Act, codified in Texas Labor Code § 61 *et seq*. As Defendants point out in their supplement, however, the Texas Payday Act "allows employees who have been denied wages to file wage claims with the Texas Workforce Commission, but does not afford employees a specific private right of action." *Timm v. Advanced Eng'g Sols., Inc.*, A-12-CV-227 ML, 2014 WL 12649850, at * 7 (W.D. Tex. Mar. 18, 2014) (citing *Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp. 2d 635, 668 (S.D. Tex. 2013)). To be sure, the Texas Payday Act does not abrogate traditional breach-of-contract claims for failure to pay wages, *Ihegword*, 929 F. Supp. 2d at 668; but Plaintiff did not bring such a claim, relying solely on the Texas Payday Act. Therefore, since Plaintiff has not stated a recognizable cause of action, it warrants dismissal.

Moreover, Plaintiff's claim fails on the merits as well.[1] Texas Labor Code defines "wages" as compensation owed by an employer for:

- (A) labor or services rendered by an employee, whether computed on a time, task, piece, commission, or other basis; and
- (B) vacation pay, holiday pay, sick leave pay, parental leave pay, or severance pay owed to an employee under a written agreement with the employer or under a written policy of the employer.

---

[1] Given that Plaintiff has proceeded *pro se* and that the present motion is a dispositive one, the Court will discuss the merits.

TEX. LAB. CODE § 61.001(7)(A)–(B). Nowhere in her Complaint or in the summary-judgment evidence does Plaintiff suggest that she was not compensated for her vacation pay, holiday pay, sick leave pay, parental leave pay, or severance pay. Thus, the question is whether she was paid for her labor or services rendered.

The uncontroverted summary-judgment evidence shows that "the amounts Defendants paid Plaintiff correspond with the time records pulled from GCHM's ADP Time and Attendance time system." (Doc. No. 47-1 at 2). Moreover, because GCHM employees are prohibited from working when not on the clock, (*id.*), and Plaintiff has not offered any evidence of off-the-clock compensable work, there is no genuine fact dispute on whether "GCHM paid Plaintiff for all hours worked" as Defendants demonstrate, (*id.*).

Even if the Court assumes that she received tips that may not show up on Plaintiff time records, she cannot establish a genuine issue of material fact. While Defendants claim that "Plaintiff was not a tipped employee," the Associate Guide—that Defendants admit Plaintiff is bound by, *see* (Doc. No. 38 at 2)—contains no such limitation. Instead, the Guide states that "[a]ny associate who receives tips is required by law to declare all tips received if they total over $20 per month." (Doc. No. 38-2 at 10). Even so, Plaintiff has not raised a fact issue on whether such tips were ever paid or were withheld from her by Defendants. Therefore, the Court finds that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law.

IV.  **Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendants' Second Motion for Summary Judgment. (Doc. No. 47). A separate final judgment will be entered in accordance with Rule 58 of Federal Rules of Civil Procedure.

Signed on this the 25th day of September 2024.

Andrew S. Hanen
United States District Judge